BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:   949.863.3363
Facsimile:   949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| MAE E. WOOD,<br><br>　　　　　Debtor, | Case No.  2:18-bk-10399-NB<br><br>Chapter Number:  13<br><br>**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN**<br><br>**Plan Confirmation Hearing:**<br><br>**Date:　　June 7, 2018**<br>**Time:　　9:30 a.m.**<br>**Ctrm:　　1545** |

TRINITY FINANCIAL SERVICES, LLC. ("Trinity") hereby objects to confirmation of the Debtor's amended Chapter 13 Plan [Dkt. No. 22] (the "Plan") in the above-referenced matter. This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of this Objection, Trinity respectfully states as follows:

**I.　　INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtor's Plan, as it fails to properly provide for Trinity's claim.  Specifically, Debtor's Plan proposes to bifurcate Trinity's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-6385-0593 v1
06836-0095

- 1 -

OBJECTION TO FIRST AMENDED CH. 13 PLAN

lien without meeting the requirements therefor.  For the reasons set forth herein, the Court should deny confirmation of the Plan unless the Debtor amends Trinity's treatment under the Plan.

## II. ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan.  The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation.  *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988).  For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan Fails to Meet the Requirements for Lien Avoidance

The Debtor has checked the box in Section 1.1 of the Plan indicating she intends to avoid a lien.  In Section IV of the Plan, she indicates she will also file a separate lien avoidance motion.  As the Debtor has failed to file a separate lien avoidance motion, she cannot avoid Trinity's lien.  She has also failed to attach to the Plan the necessary supporting documentation for avoidance through the Plan.  Accordingly, the Plan's request for lien avoidance or bifurcation must be denied.

### B. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim.  *See* 11 U.S.C. § 1325(a)(5)(B)(ii).  Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation.  *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a).").  The burden lies with the debtor in demonstrating compliance with section 1325(a).  *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

Trinity filed its Proof of Claim on account of its secured claim.  The Debtor's Schedule D also indicates Trinity's lien is supported by value in the Debtor's real property. [Docket No. 1 at 20].  Accordingly, the Plan must provide for the cure of the prepetition arrearages on Trinity's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-6385-0593 v1
06836-0095

- 2 -

OBJECTION TO FIRST AMENDED CH. 13 PLAN

claim in the amount of $37,877.03, while also providing for maintenance payments on Trinity's secured lien.

The Plan in this case improperly proposes bifurcation of Trinity's secured claim without meeting the requirements therefor.  The Debtor has classified Trinity's claim as paid in full in the amount of $63,963.56.  However, Trinity's secured claim is in the amount of $96,518.57.  [Claim No. 2-1]. Accordingly, the Plan does not sufficiently treat Trinity's secured claim, and the Plan cannot be confirmed.

## III.    CONCLUSION

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed; or in the alternative, that the Plan be amended to provide for the full payment of Trinity's claim.

Dated:    May 22, 2018

BURKE, WILLIAMS & SORENSEN, LLP

By: *[signature: Rafael Garcia]*
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-6385-0593 v1
06836-0095

- 3 -

OBJECTION TO FIRST AMENDED CH. 13 PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 East First Street, Suite 1550, Santa Ana, California  92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):
**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF PLAN**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/24/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- **Camaray D Callier-Henderson**    chenderson@mclaw.org, CACD_ECF@mclaw.org
- **Kathy A Dockery (TR)**    efiling@CH13LA.com
- **Sean C Ferry**    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- **Rafael R Garcia-Salgado**    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **James D. Hornbuckle**    jdh@cornerstonelawcorp.com
- **Richard J Reynolds**    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **05/24/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Debtor:** Mae E. Wood, 3016 W. 82nd Place, Inglewood, CA 90305

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/24/18 | Johnnelle Gomez | /s/ Johnnelle Gomez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-6385-0593 v1
06836-0095

- 4 -

OBJECTION TO FIRST AMENDED CH. 13 PLAN