BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street
Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| In re<br><br>MAE E. WOOD,<br><br>            Debtor, | Case No.  2:18-bk-10399-NB<br><br>Chapter Number:  13<br><br>**CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN**<br><br>**DATE:    January 24, 2019**<br>**TIME:    9:30 a.m.**<br>**CTRM:    1545** |

TRINITY FINANCIAL SERVICES, LLC. ("Trinity") hereby objects to confirmation of the Debtor's amended Chapter 13 Plan [Docket No. 22] (the "Plan") in the above-referenced matter.  This objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of this Objection, Trinity respectfully states as follows:

**I.    INTRODUCTION**

Trinity requests that the Court deny confirmation of the Debtor's Plan, as it fails to properly provide for Trinity's claim.  Specifically, Debtor's Plan proposes to bifurcate Trinity's lien without meeting the requirements therefor.  For the reasons set forth herein, the Court should

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 1 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

deny confirmation of the Plan and dismiss this case unless the Debtor amends Trinity's treatment under the Plan.

## II. STATEMENT OF FACTS

1. Trinity's claim is evidenced by a promissory Home Equity Credit Line Agreement and Disclosure Statement executed by Debtor Mae E Wood and dated October 21, 2005, in the original principal sum of $65,000 (the "HELOC"). A copy of the HELOC is attached to Trinity's proof of claim no. 2 (the "Proof of Claim") as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The HELOC is secured by a second deed of trust and assignment of rents (the "Deed of Trust") encumbering the real property commonly known as 16724 Almaden Drive, Fontana, CA 92336 (the "Property"). A copy of the Deed of Trust is attached to Trinity's proof of claim no. 2 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the HELOC was assigned to Trinity. Trinity, directly or through an agent, is in possession of the original promissory note. *See* CCR, Claim No. 2.

4. On February 28, 2018, Trinity filed its Proof of Claim secured by the Property with a total outstanding balance in the amount of $96,518.57 and a pre-petition arrearage claim of $37,877.03. *See* CCR, Claim No. 2.

5. On April 5, 2018, the Debtor filed her First Amended Chapter 13 Plan [Docket No. 22].

6. On May 24, 2018, Trinity filed its Objection to Confirmation of First Amended Plan [Docket No. 24].

7. On July 31, 2018, the Debtor filed her Motion for Setting Property Value of Real Property [Docket No. 26].

8. On September 14, 2018, Trinity filed its Motion to Continue Hearing on Motion for Setting Property Value of Real Property [Docket No. 29 and Docket No. 30].

9. On September 17, 2018, the Court issued its Order Granting Secured Creditor Trinity Financial Services, LLC's Motion to Continue Hearing on Debtor's Motion to Determine Secured Value of Real Property [Docket No. 31].

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 2 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

10. On October 10, 2018, Trinity filed its Motion to Continue Hearing on Motion for Setting Property Value of Real Property [Docket No. 33].

11. On October 22, 2018, the Debtor filed her Stipulation with Trinity Financial Services, LLC to Continue Hearing on Motion for Setting Property Value of Real Property [Docket No. 35].

12. On October 23, 2018, the Court issued its Order Granting Stipulation to Continue Hearing on Debtor's Motion to Determine Secured Value of Real Property [Docket No. 31].

13. On November 8, 2018, Trinity filed its Opposition to Motion for Setting Property Value of Real Property [Docket No. 38].

14. On November 23, 2018, the Debtor filed her Withdrawal of Motion to Determine Secured Value of Real Property [Docket No. 39].

## III.  ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### A. The Plan Cannot Be Confirmed Because It Does Not Provide for the Full Value of Secured Creditors' Claims

11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

Trinity filed its Proof of Claim on account of its secured claim. The Debtor's Schedule D also indicates Trinity's lien is supported by value in the Debtor's real property. [Docket No. 1 at

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 3 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

19-20]. Accordingly, the Plan must provide for the cure of the prepetition arrearages on Trinity's claim in the amount of $37,877.03, while also providing for maintenance payments on Trinity's secured lien.

As outlined in Trinity's Objection to Confirmation of the First Amended Chapter 13 Plan [Docket No. 24], the Plan in this case improperly proposes bifurcation of Trinity's secured claim without meeting the requirements therefor. The Debtor also withdrew her lien strip motion, so she has abandoned any attempt to strip Trinity's lien. The Debtor has therefore wrongly classified Trinity's claim as paid in full in the amount of $63,963.56. Trinity's secured claim is actually in the amount of $96,518.57. [Claim No. 2]. Furthermore, as indicated in Trinity's appraisal [Docket No. 38], the property had a fair market value of $545,000.00 as of January 12, 2018 (the Petition Date). Accordingly, the Plan does not sufficiently treat Trinity's secured claim, and the Plan cannot be confirmed. A true and correct copy of the Appraisal is attached to Trinity's Opposition to Motion for Setting Value of Real Property [Docket No. 38].

**B.    The Plan Cannot Be Confirmed As The Debtor Has Not Maintained Her Post-Petition Payments to Trinity**

Trinity has not received any post-petition payments. As of January 10, 2019, the loan is in post-petition default for the January 21, 2018 through December 21, 2018 post-petition payments. The total post-petition delinquency amount is currently $6,880.68. An additional payment of $563.21 will come due on January 21, 2019 and on the 21st day of each month thereafter. Late charges of $28.16 also apply for payments missed as of the 5th of the following month. Given that the Debtor is unable to treat secured claims, this case should be dismissed.

///

///

///

///

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 4 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

## IV. CONCLUSION

Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed and this case dismissed.

Dated: January 10, 2019    BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 5 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR TRINITY FINANCIAL SERVICES, LLC'S SUPPLEMENTAL OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **01/10/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Camaray D Callier-Henderson    chenderson@mclaw.org, CACD_ECF@mclaw.org
- Kathy A Dockery (TR)    EFiling@LATrustee.com
- Sean C Ferry    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- James D. Hornbuckle    jdh@cornerstonelawcorp.com
- Christina J O    christinao@mclaw.org, CACD_ECF@mclaw.org
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **01/10/19**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Mae E. Wood
3016 W. 82nd Place
Inglewood, CA 90305

///

///

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4812-5099-8149 v1
06836-0095

- 6 -    OBJECTION TO FIRST AMENDED CHAPTER. 13 PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **01/10/19** | Bernadette C. Antle | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4812-5099-8149 v1
06836-0095

- 7 -    Objection to First Amended Chapter. 13 Plan